**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Department of Child Safety, | No. CV-18-01242-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Christina Gillie, | |
| Defendant. | |

At issue is Defendant's Notice of Removal (Doc. 1).

Federal courts may exercise removal jurisdiction over a case only if subject matter jurisdiction exists. 28 U.S.C. § 1441(a); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004). The removing party is required to provide a signed notice of removal that contains a short and plain statement of the grounds for removal. 28 U.S.C. § 1446(a). The removing party carries the burden of establishing subject matter jurisdiction, and "[a]ll doubts about federal jurisdiction should be resolved in favor of remand to state court." *In re Prempro Prod. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010); *see* 28 U.S.C. § 1447(c). The district court must remand the case if it appears before final judgment that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

In the Notice of Removal, Defendant, who appears *pro se*, apparently alleges that the Court has subject matter jurisdiction over this matter based on a number of federal criminal statutes and regulations. (Doc. 1.) Unlike state courts, federal courts only have jurisdiction over a limited number of cases, but cases involving a question of federal law

are generally subject to federal court jurisdiction. *See* 28 U.S.C. § 1331. A claim arises under federal law such that federal question jurisdiction exists if either "(1) federal law creates the cause of action, or (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law, in that federal law is a necessary element of one of the well-pleaded claims." *Duncan v. Stuetzle*, 76 F.3d 1480, 1486 (9th Cir. 1996) (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808 (1988)) (brackets and internal quotation omitted).

Neither test is met here. From the documents Defendant filed with this Court, Plaintiff's state court action (Doc. 1-1) does not raise a claim arising under federal law, nor does Plaintiff's claim depend on the resolution of a federal question. Indeed, civil litigants cannot bring actions under the federal criminal statutes that Defendant lists in her Notice of Removal. Thus, this Court lacked subject matter jurisdiction from the moment Defendant filed the Notice of Removal. The Court must therefore remand this case to state court. 28 U.S.C. § 1447(c).

**IT IS THEREFORE ORDERED** that the Clerk of Court shall remand this case to Maricopa County Superior Court, Juvenile Court as soon as is practicable and close this matter.

Dated this 11th day of May, 2018.

Honorable John J. Tuchi
United States District Judge